# CIRCUIT COURT NO. 2 OF BALTIMORE CITY.

Filed July 24, 1908.

EDWIN LEE NICHOLSON ET AL.
VS.
CAMILLA D. NICHOLSON, JR.,
ET AL.

*Gans & Haman* and *Alfred J. Shriver* for creditors.

*William S. Bryan, Jr.,* for children of Edwin Nicholson.

*Theodore A. Pool* for Elizabeth Nicholson.

*Mason P. Morfit* for Camilla D. Nicholson, Jr., administratrix.

ELLIOTT, J.—

The bill in this cause was filed for the purpose of having this Court to assume jurisdiction over the administration of the estate of the late Edwin C. Nicholson, in order that the rights of various claimants to portions of said estate might be determined and enforced.

The bill was filed by certain children of the decedent against his administratrix and various persons claiming as creditors in different capacities, and the evident object is to secure a determination of the relative rights of the said children and creditors in a distribution of the estate.

Practically, the whole of the estate in controversy consists of the proceeds of an insurance policy issued by the Hartford Life and Annuity Insurance Company, which, in accordance with

its terms, was made payable upon the death of Edwin C. Nicholson to his legal representatives, and which since his death has been collected by and paid to Camilla D. Nicholson, Jr., his administratrix.

A claim had been filed against said insurance fund by Elizabeth P. Nicholson who from time to time during the life of said Edwin C. Nicholson, paid the premiums necessary to keep said policy of insurance in force, the said claimant having filed her cross bill in this cause in order to establish and enforce an equitable lien as against said insurance money which bill was filed in pursuance of leave granted by the order of this Court passed on the fourth day of June, 1907.

By the pleadings as made up an issue has been raised between the judgment creditors of the said Edwin C. Nicholson on the one hand and his administratrix, as representing his next of kin and distributees on the other, and a second issue as between the said Elizabeth P. Nicholson, as equitable lienor, on the one hand, and the said administratrix on the other.

As a necessary result of the two issues already referred to, there has naturally arisen a third one between the said Elizabeth P. Nicholson and the judgment creditors of the said Edwin C. Nicholson, which latter is involved in and must be settled by any decision of the first two issues.

The attention of the Court has been called in argument to Section 217, of Article 23, Code of Public General Laws, which is apprehended to exempt the fund in controversy from any debt or liability of the late Edwin C. Nicholson who was the holder of said policy.

It is only necessary to say in this connection that the insurance in this case not having been issued by a fraternal beneficiary society, order or association, does not come within the class intended to be exempted from such liability.

Nor does this Court deem that the order passed on the fourth day of June, 1907, by his Hon. Judge Wickes sitting herein, the practical effect of which order was to exempt from execution $500 of the proceeds of said policy, settles the issues above named.

Giving full effect to the action of his Honor, Judge Wickes, the question still remains as to what disposition is to be made of the proceeds of said insurance policy over and above the sum of $500 decided to be exempted in accordance with Chapter 381, of the Acts of 1904.

Addressing the Court's attention to the various claims set up I am unable to discover any good reason to hold that the proceeds of the insurance policy are to be exempted to any greater extent than the sum of $500 from the claims of the creditors of Edwin C. Nicholson, and I do not consider it necessary to refer to any decision or statute law other than those already mentioned.

It will be noticed, however, that no effort has been thus far made to distinguish as between the creditors of the said decedent, but it now becomes necessary to differentiate as between the claim of Elizabeth P. Nicholson on the one hand, and the judgment creditors of Edwin C. Nicholson on the other, and I am of the opinion that little need be said in illustration or enforcement of the Court's opinion in this regard.

There is sufficient evidence in this cause to justify the finding as a matter of fact that when Elizabeth P. Nicholson advanced the money necessary to pay the premiums required to keep the insurance alive she did so with the expectation of having said money returned to her, and I have no doubt that if said insurance money had been paid to the insured during his life, a Court of equity would have enforced the repayment by him to the said Elizabeth P. Nicholson of the amounts of premiums which she had advanced.

It does not seem equitable that the creditors of the said decedent, who would have had no means of recovery except the funds arising by virtue of the payment of the premiums advanced by Elizabeth P. Nicholson, should be permitted to exhaust the whole of the fund to her prejudice.

The Court therefore holds that in addition to the sum of $500 of said insurance held by his Hon. Judge Wickes to be exempt under the Acts of 1904, Chapter 381, there is an equitable lien in favor of Elizabeth P. Nicholson to the extent of the premiums advanced by her, without interest, however, except from the date of payment of said policy, as against said proceeds of insurance, and that after said ex-

emption, and the payment of said equitable lien, the creditors of said Edwin C. Nicholson, parties to this cause, are to be paid in accordance with any priorities that may exist among them.